IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**WILLIAM SHOEMAKER, IAN FIELDS,**                  **PLAINTIFFS**
**WALTER HERMANN, WESLEY MCCOOL,**
**DAVID PEELER and DAVID WEINMAN**

vs.                No. 5:16-cv-1157-XR

**INTEGRATED PRODUCTION SERVICES, INC.**           **DEFENDANT**

## SECOND AMENDED AND SUBSTITUED COMPLAINT

COME NOW Plaintiffs William Shoemaker, Ian Fields, Walter Hermann, Wesley McCool, David Peeler and David Weinman, by and through their attorney Josh Sanford of Sanford Law Firm, PLLC, and for their Second Amended and Substituted Complaint against Defendant Integrated Production Services, Inc. ("Defendant"), and in support thereof they do hereby state and allege as follows:

### I. PRELIMINARY STATEMENTS

1. Plaintiffs bring this action under the Fair Labor Standards Act, 29 US.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorney's fees as a result of Defendant's failure to pay Plaintiffs overtime compensation for all hours worked in excess of forty hours in a single week that they were/are made to work.

2. The purpose of this amended filing is to add Plaintiff David Weinman.

3. For at least three (3) years prior to the filing of this Complaint, Defendant

has willfully and intentionally committed violations of the FLSA as described, infra.

## II.   THE PARTIES

4. Plaintiff William Shoemaker is a resident and citizen of Allegheny County, Pennsylvania. He was employed by Defendant to work in oilfields in Texas.

5. Plaintiff Shoemaker was, within three years of the filing of this complaint, paid a salary for his work for Defendant.

6. Plaintiff Ian Fields is a resident and citizen of Tarrant County, Texas. He was employed by Defendant to work in the oilfields.

7. Plaintiff Fields was, within three years of the filing of this complaint, paid a salary for his work for Defendant.

8. Plaintiff Walter Hermann is a resident and citizen of Freestone County, Texas. He was employed by Defendant to work in oilfields in Texas.

9. Plaintiff Hermann was, within three years of the filing of this complaint, paid a salary for his work for Defendant.

10. Plaintiff Wesley McCool is a resident and citizen of Harrison County, Texas. He was employed by Defendant to work in oilfields in Texas.

11. Plaintiff McCool was, within three years of the filing of this complaint, paid a salary for his work for Defendant.

12. Plaintiff David Peeler is a resident and citizen of Belle Vernon, Pennsylvania. He was employed by Defendant to work in oilfields in Pennsylvania, West Virginia and Ohio.

13. Plaintiff Peeler was, within three years of the filing of this complaint, paid a salary for his work for Defendant.

14. Plaintiff David Weinman is a resident and citizen of Donegal, Pennsylvania. He was employed by Defendant to work in oilfields in Pennsylvania, West Virginia and Ohio.

15. Plaintiff Weinman was, within three years of the filing of this complaint, paid a salary for his work for Defendant.

16. Defendant is a foreign, for-profit corporation, licensed to do business in the State of Texas with a corporate headquarters at 16800 Greenspoint Park Drive, Suite 200S, Houston, Texas 77060.

17. Defendant is a provider of oil and gas well drilling, stimulation, cementing and coiled tubing services.

18. Defendant maintains a website at http://www.ipsadvantage.com/.

19. Defendant may be served through its registered agent: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

20. At all relevant times, Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

21. To perform their job duties, at least two employees of Defendant routinely used hard hats, drilling equipment, pump equipment, lubricators, blow-out preventers, and various hand-tools, at least some of which had been moved in or produced for interstate commerce.

22. Throughout the time relevant to this complaint, Defendant has been an enterprise engaged in interstate commerce as defined by the FLSA.

### III.    JURISDICTION AND VENUE

23. The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

24. The acts complained of herein were committed and had their principal effect against the named Plaintiffs herein within the San Antonio Division of the Western District of Texas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

### IV.    FACTUAL ALLEGATIONS

25. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated herein.

26. All Plaintiffs except Peeler held a job title of Equipment Operator for Defendant within the three years preceding the filing of the Original Complaint.

27. Peeler held the title of Supervisor.

28. Plaintiffs were misclassified as salaried employees during their employment with Defendant.

29. Upon commencement of work for Defendant, Plaintiffs did not sign any contract of employment setting forth their hours or wages. Plaintiffs' annual compensation was not less than $455.00 per week nor more than $100,000.00 per year.

30. In performing services for Defendant, Plaintiffs were not required to utilize any professional education relevant to their job duties.

31. Plaintiffs' primary duties included working at oil and gas wells to assist in

pumping and fracking the wells in the locations where Defendant operated.

32. Plaintiffs were classic blue-collar workers, spending physical, demanding, long shifts working on and with machinery, and not in an office.

33. During the course of their employment, Plaintiffs did not manage the enterprise or a customarily recognized subdivision of the enterprise.

34. Plaintiffs did not select any employees for hire nor did they provide any training for any employee. Plaintiffs had no ability to hire and fire any employee.

35. Plaintiffs did not have any control of or authority over any employee's rate of pay or working hours.

36. Plaintiffs did not maintain or prepare production reports or sales records for use in supervision or control of the business.

37. Similarly, Plaintiffs did not have any responsibility for planning or controlling budgets.

38. All Plaintiffs worked more than 40 hours in almost all workweeks during which they were employed by Defendant.

39. Defendant did not pay an extra premium to Plaintiffs for work in excess of forty hours per week.

40. Upon information and belief, Defendant knew, or showed reckless disregard for whether, its pay practices toward Plaintiffs violated the FLSA.

### V.   CAUSE OF ACTION

41. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated herein.

42. In failing to compensate Plaintiffs for all hours worked over forty per week,

Defendant violated the overtime provisions of the FLSA.

43. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

44. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

45. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## VI.     EQUITABLE TOLLING

46. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated herein.

47. Defendant failed to apprise Plaintiffs of their rights under the FLSA by posting USDOL-compliant notices in the workplaces of Plaintiffs.

48. Plaintiffs reserve the right to plead further facts and circumstances which may support equitable tolling in this case.

49. Plaintiffs are entitled to a just and reasonable amount of equitable tolling.

## VII.    WILLFULNESS

50. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated herein.

51. All actions by Defendant were willful and not the result of mistake or

inadvertence.

52. Defendant knew or should have known that the FLSA applied to the operation of its oil and gas well operations at all relevant times.

53. Defendant knew of or should have been aware of previous litigation and enforcement actions relating to wage and hour violations involving unpaid wage claims for positions very similar to the salaried oilfield workers at issue in this case.

54. Despite being on notice of its violations, Defendant chose to continue its policies and practices described above which resulted in Plaintiffs working overtime hours for which they were not compensated or were not properly compensated.

55. Additionally, upon information and belief, employees from time to time complained to Defendant about the unlawfulness of Defendant's manner of payment and policies related to improper payment procedures.

## VIII.     PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs William Shoemaker, Ian Fields Walter Hermann, Wesley McCool, David Peeler and David Weinman respectfully pray for declaratory relief and damages as follows:

(a) That Defendant be summoned to appear and answer herein;

(b) That Defendant be required to account to Plaintiffs and the Court for all of the hours worked by Plaintiffs and all monies paid to them;

(c) A declaratory judgment that Defendant's practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.;*

(d) Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*;

(e) Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiffs during the applicable statutory period;

(f) An order directing Defendant to pay Plaintiffs prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

(g) Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**WILLIAM SHOEMAKER, IAN FIELDS, WALTER HERMAN, WESLEY MCCOOL, DAVID PEELER and DAVID WEINMAN, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
One Financial Center
650 S. Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

By:   */s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com

## **CERTIFICATE OF SERVICE**

      I, Josh Sanford, do hereby certify that a true and correct copy of the foregoing was electronically filed with the Clerk for the U.S. District Court, Western District of Texas, San Antonio Division, on May 5, 2017, using the Electronic Case Filing system of the Court, and that the attorneys listed below are registered to receive from the Clerk of the Court an electronic copy thereof:

    Lawrence D. Smith, Esq.
    Mark A. McNitzky, Esq.
    Juan Hernandez, Esq.
    OGLETREE, DEAKINS, NASH
    SMOAK & STEWART, P.C.
    2700 Weston Centre
    112 East Pecan Street
    San Antonio, Texas 78205
    Telephone: (210) 354-1300
    Facsimile: (210) 277-2702
    Larry.Smith@ogletreedeakins.com
    Mark.Mcnitzky@ogletreedeakins.com
    Juan.Hernandez@ogletreedeakins.com

                                                                   /s/ Josh Sanford
                                                                   **Josh Sanford**